FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 01, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BAHIG SALIBA,<br><br>             Plaintiff,<br><br>v.<br><br>SPOKANE INTERNATIONAL AIRPORT BOARD Dba SPOKANE INTERNATIONAL AIRPORT, OFFICER CLAY CREEK, and SERGEANT TARINA ROSE-WATSON,<br><br>             Defendants. | No. 2:23-cv-00218-MKD<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT<br><br>**ECF Nos. 12, 17, 18** |

Before the Court is Plaintiff's First Amended Complaint, ECF No. 12, Defendants' Motion to Dismiss, ECF No. 17, and Plaintiff's Motion for Leave of Court to File Second Amended Complaint, ECF No. 18.  The Court has reviewed the record and is fully informed.  Although Defendants requested a hearing, the Court finds oral argument would not materially aid the resolution of the pending motion and is therefore resolving the motion without a hearing.  *See* Fed. R. Civ. P. 78(b); LCivR 7(i)(3)(B)(iii).  For the reasons set forth below, the Court grants

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

Defendants' Motion to Dismiss, ECF No. 17, and denies Plaintiff's Motion for Leave of Court to File Second Amended Complaint, ECF No. 18.

## BACKGROUND

### A. Procedural History

Plaintiff filed this *pro se* Complaint on August 1, 2023. ECF No. 1. Plaintiff filed an amended complaint on September 21, 2023. ECF No. 12. Plaintiff was an airline Captain employed by American Airlines on the date at issue. *Id.* at 1-2. The allegations arise out of a December 6, 2021 incident during which Plaintiff, who was identified as Middle Eastern in the report regarding the incident, was stopped in the Spokane International Airport when he was not wearing a facial mask, despite a mask mandate in place at the time. *Id.* at 2. Plaintiff alleges he was not required to wear a mask, he was racially profiled and unlawfully detained, and Defendants conspired to punish him. *Id.* Plaintiff contends Defendants violated 49 C.F.R. § 1544.235; a TSA security directive; his right to contract and transit; 18 C.F.R. §§ 241, 242; 49 C.F.R. § 114(g)(2); 6 U.S. Code § 111; 14 C.F.R. § 91.11; and his First, Fourth, and Fourteenth Amendment Rights. *Id.* at 2, 18. Defendants filed a Motion to Dismiss on November 1, 2023, ECF No. 17. Plaintiff has not responded to the motion to dismiss. On November 11, 2023, Plaintiff filed a Motion for Leave of Court to File Second Amended

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

Complaint. ECF No. 18. Defendants filed a response to the motion for leave to amend, opposing Plaintiff's motion. ECF No. 19.

Plaintiff has brought separate actions against other defendants, for claims arising out of the same mask-enforcement incident at issue in this case, all of which have been dismissed. *See Saliba v. Allied Pilots Ass'n*, No. CV-22-01025-PHX-DLR, 2023 WL 2648141 (D. Ariz. Mar. 27, 2023); *Saliba v. Am. Airlines Inc.*, No. CV-23-00140-PHX-SPL, 2023 WL 4365337 (D. Ariz. July 6, 2023); *Saliba v. Am. Airlines Inc.*, No. CV-22-00738-PHX-SPL, 2022 WL 4131485 (D. Ariz. Sept. 12, 2022), *reconsideration denied,* No. CV-22-00738-PHX-SPL, 2022 WL 4614150 (D. Ariz. Sept. 30, 2022); *Saliba v. Pekoske et al*, 2:22CV00587 (D. Ariz. July 13, 2022). Plaintiff brought an action against the instant Defendants in another court; the case was dismissed, and Plaintiff's motion to transfer was denied. *See Saliba v. Spokane International Airport et al.*, 2:22CV00543 (D. Ariz. March 20, 2023) (ECF Nos. 21, 23). Plaintiff then filed the instant action.

**B. Summary of Allegations**

Plaintiff alleges that as a pilot, he was exempted from the mask mandate in place at the Spokane International Airport. ECF No. 12 at 9-10. Plaintiff contends that on December 6, 2021, he arrived at the airport to begin his workday, and he was not wearing a mask. *Id.* at 10. Plaintiff alleges TSA manager Daniel Hutchinson requested Plaintiff place a face mask over his nose and mouth, and

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

while Plaintiff tried to explain he was exempt, "the manager was not aware of or understood the regulation or the exemption and insisted on contacting the [Spokane International Airport] police." *Id.* He alleges Defendant Creek would not allow Plaintiff to explain why he was exempt from wearing a mask, and Defendant Rose-Watson announced she would go to the gate to notify American Airlines of Plaintiff's refusal to wear a mask. *Id.* at 9-10, 12-13. Plaintiff alleges Defendant Creek insisted Plaintiff wear a mask and ordered him to "put the dang mask on," because "you don't want to be the first person to get a citation for not wearing a mask." *Id.* at 12-13. Plaintiff contends he was detained for fifteen minutes and was then released and allowed to go to the gate without a face mask. *Id.* at 14.

Plaintiff contends Defendants violated policies that exempted pilots from wearing a mask and directed them to escort individuals who refuse to wear a mask from the airport and a policy that states they then "may later" file a report. *Id.* at 11. He also alleges he passed through multiple TSA check points at other airports without a mask, and he believes he was stopped on the day at issue due to racial profiling. *Id.* at 13. Plaintiff alleges there is evidence there were communications between the police and American Airlines, which indicated they would act against Plaintiff internally. *Id.* at 17. Plaintiff states he has been off work since December 6, 2021 and has been on unpaid leave since August 22, 2022 and has lost his benefits. *Id.* at 11-12.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

## LEGAL STANDARD

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)), *overruled in part by Lacey*, 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled).

A party may amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the court's leave or with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). While the court should "freely give leave when justice so requires," the court may consider relevant factors when assessing a motion for leave to amend including: bad faith, undue delay, prejudice to the opposing party, futility, and whether the party has previously amended the complaint. *Id.*; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Although the standard to evaluate a motion to dismiss is liberal, particularly when the action has been filed *pro se*, a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff initially failed to plead. *Id.* Thus, to withstand dismissal on a Section 1983 claim, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6

# DISCUSSION

**A. Motion for Leave to Amend Complaint**

Plaintiff filed the initial complaint, ECF No. 1, and then filed an amended complaint on September 21, 2023, ECF No. 12.  As such, Plaintiff has already amended the complaint once as a matter of course.  After Defendants filed a Motion to Dismiss, Plaintiff then filed a Motion for Leave of Court to File Second Amended Complaint, ECF No. 18.  As Defendants do not consent to the amendment, ECF No. 19, the Court must consider whether to grant leave to amend.

Plaintiff's motion states the purposes of his motion to amend is to "remove several defendants, to streamline legal claims, to add State law violations, and to include supplemental jurisdiction." ECF No. 18 at 1.  Plaintiff's proposed amended complaint alleges violations of plaintiff's First Amendment and Fourteenth Amendment rights, and his state constitutional rights. *Id.* at 6-7. Plaintiff's allegations mirror those contained in his First Amended Complaint, and thus fail for the same reasons discussed *infra*.  Plaintiff alleges tortious interference with his contract relationship with American Airlines, however Plaintiff does not set forth any facts that demonstrate tortious interference. *Id.* at 8.  This claim is similar to Plaintiff's right to contract claim in his First Amended Complaint and fails as it is similarly vague and fails to state a cognizable claim as discussed *infra*. Plaintiff also alleges Defendant Spokane International Airport was grossly

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7

negligent because it failed to train security staff on racial profiling and exemptions to masking regulations. *Id.* at 7. Plaintiff's allegations of racial discrimination fail for the reasons discussed in the Fourteenth Amendment analysis discussed *infra*. Plaintiff's allegations that enforcement of the mask mandate violates his rights also fail for the reasons discussed further below.

As the proposed amended complaint fails to cure any of the deficiencies of the First Amended Complaint, the Court finds amendment would be futile. Thus, Plaintiff's motion is denied.

**B. Failure to State a Claim**

Defendants contend Plaintiff has failed to state a claim upon which relief may be granted. ECF No. 17. A complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Liberally construing the complaint, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's bare assertions of constitutional rights violations do not set forth factual explanations to support his claims, and his other claims are not civil causes of action.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8

    *1. 49 C.F.R. § 1544.235*

    Defendants contend that Plaintiff's claims under 49 C.F.R. § 1544.235 must be dismissed because the regulation does not apply to Defendants. ECF No. 17 at 12. The regulation at issue, 49 C.F.R. § 1544.235, apples to "aircraft operators." An aircraft operator is defined as a person who "uses, causes to be used, or authorizes to be used an aircraft." 49 C.F.R. § 1540.5. Defendants in this case are an airport and employees of the airport. The regulation thus does not appear to apply to Defendants.

    Further, a Plaintiff seeking to enforce a particular regulation must point to the statute in which Congress provided a private cause of action. *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020). It must be clear from the statute itself that Congress intended to create a private cause of action. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). The regulation does not explicitly provide a cause of action. 49 C.F.R. § 1544.235. When determining if an implicit cause of action has been created, the Court may consider: 1) if the Plaintiff is "one of the class for whose special benefit the statute was enact"; 2) if there is any indication of legislative intent to create or deny such a remedy; 3) if it is consistent with the underlying purposes of the legislative scheme to apply such a remedy for the plaintiff; and 4) if the cause of action is one

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 9

1  traditionally relegated to state law, making it inappropriate to infer a cause of action
2  based on federal law. *Cort v. Ash*, 422 U.S. 66, 78 (1975) (citations omitted).

3        The regulation at issue regulates the aircraft operators and does not address
4  individuals protected by the regulation. 49 C.F.R. § 1544.235. Other courts have
5  found no private cause of actions exist in other regulations under Title 49. *See*
6  *Nexus Alarm & Suppression, Inc. v. MG Logistics, Inc.*, No. 20-CV-6043, 2021 WL
7  2156451, at *4 (N.D. Ill. May 27, 2021) (holding there is no private cause of action
8  under 49 C.F.R. § 370.11); *24 Hour Fuel Oil Corp. v. Long Island R. Co.*, 903 F.
9  Supp. 393, 399 (E.D.N.Y. 1995) (holding there is no private cause of action under
10 49 C.F.R. § 18.36). There are Title 49 regulations that provide for legal actions,
11 such as 49 C.F.R. § 190.235, however Plaintiff does not set forth any support for a
12 cause of action under 49 C.F.R. § 1544.235. There is no support for the Court to
13 find there is an implicit private cause of action for the regulation. As such, Plaintiff
14 has failed to state a claim under 49 C.F.R. § 1544.235.

15       2. TSA Security Directive 1542-21-01B

16       Defendants contend Plaintiff has failed to state a claim under TSA Security
17 Directive 1542-21-01B because the directive does not provide a private right of
18 action. ECF No. 17 at 14. The regulation that requires airport operators to comply
19 with TSA Security Directives, 49 C.F.R. § 1542.303, does not explicitly provide a
20 private cause of action. Like the regulation discussed *supra*, this regulation also

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 10

focuses on the airport operator and not individuals protected by the regulation. 49 C.F.R. § 1542.303. Another section provides a complaint mechanism, but none provide a private cause of action. 49 C.F.R. § 1503.801. There is no support for finding an implied private cause of action.

Further, Plaintiff has not presented facts that demonstrate Defendants violated the Security Directive. Plaintiff contends Defendants did not comply with the exemption for individuals not required to wear a mask if doing so would create a risk to workplace health, safety, or job duty. ECF No. 12 at 18. However, the Security Directive states the exception is "determined by the relevant workplace safety guidelines or federal regulations." Security Directive 1542-21-01B. Plaintiff offers his own subjective opinion that he was not required to wear a mask but does not point to objective evidence that demonstrates relevant workplace safety guidelines or federal regulations exempted him from wearing a mask. EF No. 12 at 12-18. Defendants stopped Plaintiff because he was not wearing a mask, and filed a report regarding the incident, in compliance with the Security Directive. Plaintiff has failed to state a claim regarding the TSA Security Directive.

*3. Right to Contract and Transit*

Defendants contend Plaintiff has failed to state a claim regarding his right to contract and right of public transit. ECF No. 17 at 18. Plaintiff alleges Defendants interfered with his "Rights to Contract and Transit in the United States navigable

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 11

1   airspace as affirmed in the Federal Aviation Act of 1958, Sec. 104." ECF No. 12 at
2   18. Plaintiff contends he has a right to transit and to execute a contract for carriage
3   as a pilot, under the Federal Aviation Act. *Id.* at 2-5. Plaintiff appears to contend
4   Defendants violated Article I Section 10 of the Constitution. Plaintiff also contends
5   Defendants violated the Supremacy Clause by restricting his ability to be a pilot and
6   engage in commerce. *Id.* at 5.

7   After being stopped on December 6, 2021, Plaintiff was ultimately allowed to
8   proceed without a mask. *Id.* at 14. Plaintiff was able to fly that day, after a delay in
9   the flight of approximately one minute. *Id.* at 15. Plaintiff presents no evidence that
10  the aircraft was prevented from flying on the day at issue. Plaintiff's contentions are
11  otherwise unclear and do not appear to have a basis in law. Plaintiff has not set forth
12  facts that state a claim concerning a right to contract or engage in transit or
13  commerce.

14   *4.  18 U.S.C. §§ 241, 242*

15   Defendants contend Plaintiff has failed to state a claim under 18 U.S.C. §§
16  241, 242. ECF No. 17 at 20. Sections 241 and 242 are criminal statutes that do
17  not provide a private cause of action. *See Saliba v. Allied Pilots Ass'n*, 2023 WL
18  2648141, at *2 *(*citing *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th
19  Cir. 2006)); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that
20  the executive branch has exclusive authority to decide whether to prosecute a

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 12

case). A civil claim for damages is not the proper mechanism to allege criminal conduct. As such, Plaintiff has failed to state a claim under 18 U.S.C. §§ 241, 242.

5. *14 C.F.R. § 91.11*

Defendants contend Plaintiff has failed to state a claim under 14 C.F.R. § 91.11. ECF No. 17 at 20. The Federal Aviation Administration regulations do not provide a private cause of action. *See Saliba v. Allied Pilots Ass'n*, 2023 WL 2648141, at *2 *(citing G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Service, Inc.*, 958 F.2d 896, 902 (9th Cir. 1992) (citation omitted)). Plaintiff has failed to state a claim under 14 C.F.R. § 91.11.

6. *49 C.F.R. § 114(g)(2) and 6 U.S. Code § 111*

Defendants contend Plaintiff has failed to state a claim under 49 C.F.R. § 114(g)(2) and 6 U.S. Code § 111. ECF No. 17 at 20. As discussed *supra*, there is no reason to find there is a private cause of action under Title 49 regulations that do not explicitly or implicitly provide a cause of action. Similarly, there is no private cause of action under 6 U.S. Code § 111, which addresses the mission of the Department of Homeland Security. Plaintiff has failed to state a claim under 49 C.F.R. § 114(g)(2) and 6 U.S. Code § 111.

7. *Section 1983*

Defendants contend Plaintiff has failed to state a Section 1983 claim. ECF No. 17 at 6-12. Section 1983 requires a claimant to prove that 1) a person acting

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 13

under color of state law 2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original), *abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

First, Defendants contend Plaintiff has failed to state a First Amendment claim. ECF No. 17 at 6. Plaintiff appears to allege Defendant Creek violated his First Amendment rights when they refused to listen to his explanation regarding his belief he was exempt from the mask mandate, and they told him he may be fined if he did not wear a mask. ECF No. 12 at 12-13. The First Amendment does not require government actors to listen to or respond to individuals' communications on public issues. *See Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 465 (1979); *Minn. State Bd. for Comm. Colls. v. Knight*, 465 U.S. 271, 285 (1984). While Plaintiff may have wanted to share his view on the mask policies, Defendants did not have an affirmative duty that required them to listen to everything Plaintiff wanted to say on the issue.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 14

Plaintiff also appears to be alleging Defendants conspired against him; it is unclear if he is alleging Defendants retaliated against him for exercising his First Amendment rights. ECF No. 12 at 17-18. To state a claim for First Amendment retaliation, a plaintiff must demonstrate that "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

Plaintiff here alleges Defendants did not listen when he wanted to explain the mask exemption, and he later was subject to a disciplinary hearing with his employer. ECF No. 12 at 12-13, 17-18. However, as discussed *supra*, Plaintiff was able to speak, and he only alleges Defendants did not listen to him. He also does not draw a causal relationship between his speech and his disciplinary actions with his employer. Further, his employer is a private, not government, entity. While Plaintiff's initial interactions included state actors, and airlines and airports are subject to government regulations, government regulation is not enough to transform the action of a private entity into state action; there must be a close nexus between a regulated entity and the state to find the private entity is a state actor. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Plaintiff does not allege that

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 15

his disciplinary actions are tied to any state government actions, thus Plaintiff has not demonstrated that his employer is a state actor as required under a Section 1983 First Amendment retaliation claim. Further, his employer is not a defendant in this action.

To the extent Plaintiff may be alleging that the mask mandate itself, and the enforcement of the mandate, violated his First Amendment rights, Plaintiff has failed to state a claim as he has not alleged that the mask mandate nor its enforcement infringed on his freedom of speech nor his freedom of association. *See Denis v. Ige*, 557 F. Supp. 3d 1083, 1095 (D. Haw. 2021) (reasoning that plaintiff did not plausibly allege that mask mandate imposed anything more than incidental burdens on speech or association). As such, Plaintiff has failed to state a First Amendment claim.

Next, Defendants contend Plaintiff has failed to state a Fourth Amendment claim. ECF No. 17 at 8. Plaintiff alleges he was "unlawfully detained" and "subjected to abusive and coercive efforts, by the Defendants, to forcefully cover his nose and mouth restricting his breathing in violation of the FAA medical standards." ECF No. 12 at 2, 9, 17. Plaintiff contends he was detained for 15 minutes and was then released and allowed to go to the gate without a face mask. *Id.* at 14. If there is no detention, then there is no seizure within the meaning of the Fourth Amendment. *Fla. v. Royer*, 460 U.S. 491, 498 (1983). Here, Plaintiff contends he was detained,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 16

however Plaintiff was stopped because he was not wearing a mask despite a mask mandate in place at the time. ECF No. 12 at 10. Plaintiff states the TSA manager requested Plaintiff put a face mask on; airport police were then called when Plaintiff did not comply with the request. *Id.* at 10-11. Defendant Rose-Watson stated she was going to inform American Airlines Plaintiff was not wearing a mask, and "quickly removed herself," and Defendant Creek continued to speak with Plaintiff. *Id.* at 11. Defendant Creek instructed Plaintiff to put a mask on, and stated Plaintiff may be cited if he did not wear a mask. *Id.* at 12. After a 15-minute delay, Plaintiff was allowed to go to the gate area without a face mask. *Id.* at 14. Plaintiff does not allege that he was not allowed to leave the airport had he chosen to do so and does not allege that he believed he was not free to leave. There is no indication Defendants engaged in any behavior that would cause a reasonable person to believe they were not free to leave. *See United States v. Mendenhall*, 446 U.S. 544, 554*(1980)*. Plaintiff was not arrested and was allowed to proceed to the gate after being asked to wear a mask, despite his continued refusal to do so. Plaintiff has failed to state a Fourth Amendment claim.

Lastly, Defendants contend Plaintiff has failed to state a Fourteenth Amendment claim. ECF No. 17 at 10. To state a Fourteenth Amendment equal protection claim based on race, the plaintiff must show defendants acted with a discriminatory purpose- specifically, that the defendants' actions were motivated by

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 17

Plaintiff's race. *See Rosenbaum v. City and Cnty. of S.F.*, 484 F.3d 1142, 1152-53 (9th Cir. 2007); *Harris v. City of Kent*, No. 22-35346, 2023 WL 6784361, at *2 (9th Cir. Oct. 13, 2023). Plaintiff here concedes there was a mask mandate in place, and he was stopped when he was not wearing a mask. ECF No. 12 at 12. He alleges he was stopped because of his race, as indicated by a report that documented Plaintiff's race as Middle Eastern. *Id.* at 8-9, 11. Plaintiff contends he did not wear a mask at other airports on other occasions, which he alleges supports his belief he was stopped due to his race. *Id.* at 13. Plaintiff states the report form asked for the race of the individuals involved; Defendants' writing Plaintiff's correct race on the form does not demonstrate a racially motivated reason to engage in discriminatory behavior. *Id.* at 9. Plaintiff's allegation that other airports did not enforce a mask mandate also does not demonstrate the Defendants in this case were acting in a discriminatory manner. Plaintiff has not set forth any facts that demonstrate Defendants engaged in a behavior that was motivated by Plaintiff's race. Further, Plaintiff has not demonstrated that Defendants caused Plaintiff any harm. Plaintiff was stopped for 15 minutes, and ultimately allowed to continue to the gate without a mask. Defendants are not involved in the actions taken by Plaintiff's employer. Plaintiff has failed to state a Fourteenth Amendment claim.

### C. Opportunity to Amend

Unless it is clear that an amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds,* 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Plaintiff has already amended his complaint once, and after Defendants filed a Motion to Dismiss that demonstrated the deficiency of Plaintiff's complaint, Plaintiff filed a proposed amended complaint that contained the same deficiencies. Plaintiff has also previously filed complaints in another court which contained several of the same deficient claims; despite explanations in the orders regarding the deficiencies of the claims, Plaintiff brought them again in this Court. Granting the opportunity to file another amended complaint is futile because the facts alleged cannot support a 1983 claim and the additional claims are not civil causes of action. As such, this case is dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's Motion for Leave of Court to File Second Amended Complaint, **ECF No. 18**, is **DENIED**.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 19

3. Plaintiff's First Amended Complaint, **ECF No. 12**, is **DISMISSED** with prejudice.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment accordingly, provide copies to counsel and *pro se* Plaintiff, and **CLOSE** the file.

DATED December 1, 2023.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 20